

NASSAU OFFICE: (Primary Mailing Address) 666 Old Country Road • Suite 305 • Garden City, NY 11530
SUFFOLK OFFICE: 638 Veterans Memorial Highway • Hauppauge, NY 11788
Phone: 516.500.9068 • Fax: 631.630.9664 • www.defenselawyerlongisland.com

May 21, 2020

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
924 Federal Plaza
Central Islip, New York 11722

Re:   *United States v. Leonard Lombardo,* **17-Cr-318 (JMA)**

Dear Judge Azrack,

Please accept this brief letter reply to the Government's Opposition to Mr. Lombardo's Motion for Compassionate Release, filed in this Court on May 15, 2020. The Government's argument can essentially be summarized in a few sentences: Mr. Lombardo's request to the warden for compassionate release or, alternatively, re-designation to serve his sentence on home confinement, did not adequately request compassionate release. Therefore, he has failed to exhaust administrative remedies and because administrative exhaustion is jurisdictional, this Court cannot consider his motion. Further, even if the Court could consider the motion, Mr. Lombardo does not deserve compassionate release first because of the nature of his offense, second because he has not adequately demonstrated that his medication conditions make him particularly susceptible to the coronavirus, and third because "no inmates at Fort Dix have died." Gov't. Opp. at 4.

The Government's arguments can be easily dismissed. First, to the extent the Bureau of Prisons and the Warden of Fort Dix understood Mr. Lombardo's request as a request for re-designation to home confinement only, Mr. Lombardo respectfully submits that this understanding would be contrary to Attorney General Barr's April 3, 2020, Memorandum for Director of Bureau of Prisons[1], which directed Bureau of Prisons facilities to expand the class of prisoners eligible for transfer to home confinement on a compassionate release basis.[2] However, to the extent the

---

[1] Available at:
https://www.fd.org/sites/default/files/covid19/barr_memo_caresact_apr3_2020.pdf
[2] See also Congressional Research Service, "Federal Prisoners and COVID-19: Background and Authorities to Grant Release," updated April 23, 2020, at
https://crsreports.congress.gov/product/pdf/R/R46297https://crsreports.congress.gov/product/pdf/R/R46297

request may have been misunderstood because it was made on the same day that Mr. Lombardo self-surrendered, the Court is respectfully asked not to decide this motion, but to hold it in abeyance to permit counsel and Mr. Lombardo to transmit renewed requests for compassionate release to the warden and to await their administrative resolution.[3]

Second, the Government's reliance on Third Circuit law concerning administrative exhaustion as a jurisdictional prerequisite is unpersuasive and not binding on this Court. Indeed, courts in this Circuit have reached the opposite conclusion. For example, in *United States v. Jorge Valencia*, 15-Cr-163 (AT), Judge Torres in the Southern District of New York analyzed 18 U.S.C. § 3582(c)(1)(A) as a non-jurisdictional claims-processing rule, concluding that "Section 3582(c)(1)(A) does not impose a jurisdictional requirement—in other words, a defendant's failure to exhaust does not deprive the Court of the power to hear his case altogether." *Id.*, Dkt. #82 (Order dated May 11, 2020) at 3 (referencing *Gonzalez v. Thaler*, 565 U.S. 134, 141 [2012] [noting the difference between "truly jurisdictional rules, which govern a court's adjudicatory authority, and nonjurisdictional claim-processing rules, which do not."]; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 [1982] [section 3582(c)(1)(A) "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the (federal) courts."] [parenthetical in *Valencia*]; *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S.Ct. 13, 17 [2017] [the statute "requires that the parties take certain procedural steps at certain specified times" and therefore "ranks as a mandatory claim-processing rule," not a jurisdictional one.]). *See also* Mr. Lombardo's Opening Memorandum of Law at pp. 11-12 and fn. 40, 41.

Third, the Government's focus on Mr. Lombardo's offense conduct as a basis for eligibility for relief is misplaced. Mr. Lombardo pled guilty and acknowledges his guilt. He has already made substantial restitution and his remorse is genuine. More importantly, while the balance of the 18 U.S.C. § 3553(a) factors may have weighed in favor of a term of incarceration at sentencing, the balance must be shifted in light of the COVID-19 pandemic. Indeed, as Mr. Lombardo argued in his opening memorandum, the Court intended to impose as sentence of 33 months; not a sentence of death. The danger posed by COVID-19 to Mr. Lombardo, whose doctor attests that he suffers from serious medical conditions including compromised lung function, should not be underestimated.[4]

Finally, the Government's references to the BOP's Pandemic Influenza Plan and its written COVID-19 response fail to acknowledge the first person reports of inmates within Fort Dix cited in Mr. Lombardo's Opening Memorandum of Law that attest to catastrophically bad treatment of ill prisoners and the facility's inability to provide adequate sanitation or distancing to avoid

---

[3] We note that holding the compassionate release motion in abeyance would not preclude consideration of the alternative bases of relief requested in Mr. Lombardo's Opening Memorandum at pp. 18-22.

[4] Counsel has no reason to doubt the opinion of Mr. Lombardo's doctor. The report of his stabbing appears in the Presentence Report at ¶40. His diminished lung function as a result of this event heightens his risk of severe COVID-19 complications, insofar as lungs are one of the organs most affected by the virus. *See* American Lung Association, "Coronavirus Disease (COVID-19)," (accessed May 21, 2020), available at https://www.lung.org/lung-health-diseases/lung-disease-lookup/covid-19

spreading the infection. That no inmates at Fort Dix have died as of the date of this Reply should not be the standard by which the adequacy of Fort Dix's coronavirus response is measured.

Wherefore, for the reasons set forth in Mr. Lombardo's Opening Memorandum of Law, the requested relief should be granted or, in the alternative, the Court should hold the motion in abeyance to the extent necessary to permit Mr. Lombardo to fully exhaust all administrative avenues of relief.

Respectfully submitted,

Scott Gross
*Attorney for Leonard Lombardo*

Cc:    All counsel (by ECF)