UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                 -against-

LEONARD LOMBARDO,

                Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CR-318 (JMA)

**FILED**
**CLERK**
5/29/2020 4:16 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Richard P. Donoghue
United States Attorney
Allen Bode, *Of Counsel*
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
    *Attorneys for the United States*

Scott Gross
The Law Offices of Scott Gross, P.C.
666 Old Country Road, Suite 305
Garden City, New York 11530
    *Attorney for Defendant Leonard Lombardo*

**AZRACK, United States District Judge:**

On May 15, 2020, Defendant Leonard Lombardo ("Defendant") moved the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. (ECF No. 30.) After the government submitted an opposition brief, (ECF No. 31), Defendant asked the Court "not to decide this motion, but to hold it in abeyance to permit counsel and Mr. Lombardo to transmit renewed requests for compassionate release to the warden and to await their administrative resolution." (ECF No. 33 at 2.) The Court agreed and issued an order that deferred ruling on the pending motion for compassionate release and required Defendant to "notify the Court once administrative resolution occurs."

In his motion for compassionate release, Defendant also requested that the Court "recommend to the BOP that he be designated to serve his sentence under home confinement, or to furlough him at the very least until a vaccine for COVID-19 becomes available and the danger of infection can be mitigated." (ECF No. 30-1 at 18.) He renewed this request in his motion to hold his compassionate release motion in abeyance. (ECF No. 33 at 2 n.3.) The government took "no position on this request." (ECF No. 31 at 2 n.1.)

Though 18 U.S.C § 3621 provides the BOP with the ultimate authority to "designate the place of the prisoner's imprisonment," the BOP may consider "any statement by the court that imposed the sentence" regarding the purposes of the sentence or the type of penal or correctional facility in which the sentence is served. Any such statement from a court is non-binding.

When this Court sentenced Defendant to thirty-three months of incarceration and set a surrender date of April 20, 2020, there was "no way to forecast at the time that [his] incarceration might expose [him] to a heightened risk of contracting COVID-19." United States v. Credidio, No. 19-CR-111, 2020 WL 1644010, at *3 (S.D.N.Y. Apr. 2, 2020). Nonetheless, even after the onset of the COVID-19 pandemic, Defendant did not move to adjourn his surrender date, and made his first request for relief on the day of his surrender when his attorney emailed the BOP. Contra United States v. Ahuja, No. 18-CR-328, ECF No. 351 (S.D.N.Y. Mar. 17, 2020) (granting 45-day adjournment of surrender date because of COVID-19).

However, Defendant has indicated that he suffers from numerous chronic health conditions, including "obesity, severe asthma, frequent bouts of bronchitis, scar tissue damage from a stabbing injury in which he suffered a collapsed lung, and a currently benign tumor on his head." (ECF No. 30-1 at 9.) In light of Defendant's ailments, the Court "strongly urges the BOP to make it a priority to take effective action to guard [Defendant] against exposure to COVID-

19 . . . [and] act with acute sensitivity to [Defendant's] interests in health and safety." Credidio, 2020 WL 1644010, at *3 (S.D.N.Y. Apr. 2, 2020).

**SO ORDERED.**

Dated: May 29, 2020
      Central Islip, New York

                                                  /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE