UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-

LEONARD VINCENT LOMBARDO,

        Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CR-318 (JMA)

**APPEARANCES:**

Seth D. DuCharme
   Acting United States Attorney
Allen Lee Bode
  *Of Counsel*
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

Scott Gross, Esq.
The Law Offices of Scott Gross, P.C.
666 Old Country Road, Suite 305
Garden City, NY 11530
    *Attorney for Leonard Vincent Lombardo*

**AZRACK, United States District Judge:**

On May 15, 2020, defendant Leonard Vincent Lombardo ("Defendant") first moved for compassionate release following the onset of the COVID-19 pandemic. (ECF Nos. 30, 35, 36.) Though the Court denied his motion because the Section 3553(a) sentencing factors weighed against granting him compassionate release, the application was denied "without prejudice to its renewal should Defendant's condition or the situation at his facility materially worsen." (ECF No. 38 at 10.) Defendant then filed a motion for reconsideration which the Court denied. (ECF Nos. 39, 41, 43.)

Defendant has again moved for compassionate release. (ECF No. 44.) Because Defendant has tested positive for COVID-19, he argues that his motion should now be granted. Defendant requests to be released so that he may go to a hospital and then serve the duration of his sentence from home confinement. In its letter to the Court, the government explains that Defendant tested positive on January 12, 2021 and does not have a fever, which was confirmed by regular temperature checks. (ECF No. 45.) Defendant complains of a cough, body aches, and fatigue. As a result, a chest x-ray has been ordered and he is being treated with steroids, Azithromycin, albuterol, CPAP, acetaminophen, and benzonatate. (Id.) The government also informs the Court that Defendant will continue to receive daily medical treatment. (Id.) While the Court is sympathetic to Defendant's diagnosis, the BOP has made clear that Defendant is being provided ongoing medical care including medication, x-rays, and regular monitoring. The Court is also not convinced that Defendant or his family would be safer if he were released to his home while he is contagious. The Court continues to urge the BOP to "act with acute sensitivity to [Defendant's] interests in health and safety." United States v. Credidio, No. 19-CR-111, 2020 WL 1644010, at *3 (S.D.N.Y. Apr. 2, 2020).

The Court has considered Defendant's arguments and the government's responses and finds that the updated situation does not alter the Court's prior analysis of the Section 3553(a) factors. (ECF No. 38 at 9-10.) Accordingly, Defendant's motion is **DENIED** without prejudice.

**SO ORDERED.**

Dated:  January 16, 2021
        Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE