UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

LEONARD VINCENT LOMBARDO,

      Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CR-318 (JMA)

FILED
CLERK
3/1/2021 3:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Seth D. DuCharme
 Acting United States Attorney
Allen Lee Bode
 *Of Counsel*
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
  *Attorneys for the United States*

Scott Gross, Esq.
The Law Offices of Scott Gross, P.C.
666 Old Country Road, Suite 305
Garden City, NY 11530
  *Attorney for Leonard Vincent Lombardo*

**AZRACK, United States District Judge:**

  On May 15, 2020, defendant Leonard Vincent Lombardo ("Defendant") first moved for compassionate release following the onset of the COVID-19 pandemic. (ECF Nos. 30, 35, 36.) Though the Court denied his motion because the Section 3553(a) sentencing factors weighed against granting him compassionate release, the application was denied "without prejudice to its renewal should Defendant's condition or the situation at his facility materially worsen." (ECF No. 38 at 10.) Defendant filed a motion for reconsideration, which the Court denied. (ECF Nos. 39, 41, 43.) Defendant then filed another motion for reconsideration because he had tested positive for COVID-19, which the Court denied again. (ECF Nos. 44, 46.)

Defendant has moved for compassionate release a third time "based on the needs of his children and the imminent threat of death/serious bodily injury posed by COVID-19 and the conditions of his confinement." (ECF No. 50.) In response, the government informed the Court that according to representative of the BOP at Fort Dix FCI, Defendant recovered from COVID-19 in January. (ECF No. 51.)

The Court has considered Defendant's arguments and the government's response and finds that the updated situation does not alter the Court's prior analysis of the Section 3553(a) factors. (ECF No. 38 at 9-10.) Over a month has now passed since Defendant's positive COVID-19 diagnosis, and he appears to have recovered without any complications. Given that Defendant "has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense." United States v. Hardy, No. 11-CR-629, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020). Since "the main point of releasing an individual is to decrease the person's chance of contracting COVID-19," the Court declines to find that there are extraordinary and compelling reasons to reduce his sentence given his current situation. United States v. Rodriguez, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020).

Accordingly, Defendant's motion is **DENIED** without prejudice.

**SO ORDERED.**

Dated: March 1, 2021
   Central Islip, New York

                /s/ (JMA)
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE