UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-

LEONARD VINCENT LOMBARDO,

                Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CR-318 (JMA)
21-CV-318 (JMA)

FILED
CLERK
3:16 pm, Dec 29, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Leonard Vincent Lombardo
Fort Dix Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640
    *Pro Se*

Breon Peace
   United States Attorney
Allen Lee Bode
  Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

**AZRACK, United States District Judge:**

      Currently before the Court is a petition filed by Leonard Vincent Lombardo ("Lombardo" or the "Petitioner") to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. (See Motion to Vacate, ECF No. 47 (the "Petition")). The government objects. (Government's Response Brief in Opposition ("Gov't Opp."), ECF No. 54.) For the reasons set forth below, the Petition is **DENIED**.

1

## I.     BACKGROUND

Petitioner entered into a plea agreement in which he agreed to plead guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. (ECF No. 54-1, Plea Agreement.) The conduct was related his role in a long-running scheme in which he defrauded 115 victims-investors of approximately $5,878,729.41 in investment money. (ECF No. 10, Presentence Investigation Report ("PSR") at 3.) Defendant solicited the money for investment in a real estate company but used the money for other purposes, including the funding of other business ventures, such as his vaping company. (Id.) Between July 2011 and December 2016, Defendant misappropriated approximately $686,651.68 of the investors' money and used it for his own personal benefit. (Id.) In the plea agreement, the government estimated that the Petitioner faced a range of imprisonment of between 33 to 41 months. (Plea Agreement at ¶ 2.) The Petitioner agreed not to file an appeal, or otherwise challenge by habeas petition, his conviction or sentence in the event the Court imposed a term of imprisonment of "46 months or below." (Id. at ¶ 4.) The plea agreement also stated that "[n]othing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum." (Id.)

On June 22, 2017, Defendant pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. (ECF Nos. 4, 54-2.) During the plea hearing, Petitioner agreed to waive his right to appeal or collaterally attack his conviction and sentence if the Court sentenced him to a term of 46 months in prison or less. (ECF No. 54-2, Plea Transcript at 13:14-22.) This Court specifically addressed the terms and effect of the waiver, explaining that he was giving up his rights to any further challenge and Petitioner, under oath, affirmed that he understood the terms of the agreement including the waiver. (Id. at 12:23-13:22.)

On October 16, 2019, this Court sentenced Lombardo to 33 months imprisonment, 3 years of supervised release, and ordered him to pay restitution in the amount of $5,424,093.93. (ECF Nos. 26, 27.) Petitioner did not appeal his conviction or sentence.

On January 20, 2021, Petitioner filed the instant Petition, pro se, bringing a claim for ineffective assistance of counsel and arguing that that his plea was not knowingly entered based on purported erroneous advice of counsel. (Petition at 2.) The government filed an opposition and Petitioner filed a reply. (ECF Nos. 54, 55.)

## II.   DISCUSSION

### A. Applicable Law

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted). The petitioner must also show that the constitutional error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."

3

Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citation omitted)

In general, a Section 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 164–66 (1982). Thus, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a § 2255 motion] only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003); see also Rodriguez v. United States, No. 13-CR-85, 2021 WL 4078621, at *6 (E.D.N.Y. Sept. 8, 2021).

**B. Waiver**

The government argues that Petitioner waived the right to appeal his sentence based on the waiver in the plea agreement. "Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Waivers are found to be unenforceable "only in very limited situations, 'such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence.'" Id. (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (internal quotation marks and citation omitted)).

Here, however, the waiver in the plea agreement contains an exception for claims of ineffective assistance of counsel. (Plea Agreement at ¶ 4 ("Nothing in the foregoing waiver of

4

appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.")). The Petition alleges an ineffective assistance claim, arguing that Petitioner's counsel incorrectly informed him that his conduct constituted wire fraud prior to his guilty plea, and had counsel not told him this purportedly incorrect information he would have proceeded to trial. (Petition at 2.); see Folkes v. United States, No. 18-CR-257, 2021 WL 810337, at *5, *8 (E.D.N.Y. Mar. 3, 2021), appeal dismissed (June 7, 2021) (finding that based on a plea agreement with the same language concerning the waiver exception, "all of the claims raised in the instant petition are barred by the waiver, except for his claims of ineffective assistant of counsel" and considering the merits of the ineffective assistance claims); United States v. Sadler, No. 16-CR-0297-8, 2021 WL 2037863, at *4 (E.D.N.Y. May 21, 2021) (considering the merits of an ineffective assistance claim where the plea agreement contained the same exception to the waiver and "defendant claims that he would not have pled guilty had his counsel not convinced him that he was a career offender under the federal sentencing guidelines . . . [and] construing the petition liberally [interpreting] the defendant's petition as challenging the validity of his guilty plea").

### C. Procedural Bar

The government next argues that Petitioner's claim is untimely. The Court agrees that Petitioner's claim is time-barred. Section 2255(f) sets a one-year limitation period for Section 2255 motions. See 28 U.S.C. § 2255(f). The one-year period runs from the latest of several dates, including "the date on which the judgment of conviction becomes final," § 2255(f)(1), "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action," § 2255(f)(2), "the date on which the right asserted was

5

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[,]" § 2255(f)(3), and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," § 2255(f)(4).

Petitioner does not assert a new constitutional right or claim any impediment to a timely filing. Accordingly, Petitioner's time to file under Section 2255 expired one year from either the date upon which the judgment of conviction became final or the date upon which he learned of the basis for his claims. 18 U.S.C. § 2255(f)(1) and (4).

"[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam). The time to file a direct appeal in a criminal case expires after fourteen days from the entry of the judgment that defendant would be appealing. See Fed. R. App. P. 4(b)(1)(A)(i). Here, judgment against Petitioner was entered on October 17, 2019. (ECF No. 27.) Because Petitioner filed no direct appeal, his conviction became final with the expiration of the time for filing notice of such an appeal on October 31, 2019. See Superville v. United States, 771 F. App'x 28, 31 (2d Cir. 2019), cert. denied, 140 S. Ct. 677 (2019) ("Under § 2255(f)(1), the judgment became final on November 28, 2014, fourteen days after it was entered on November 14, 2014, as [defendant] did not appeal."). Petitioner did not bring this motion until January 20, 2021, over one year later. Therefore, pursuant to § 2255(f)(1), the Petition is untimely.

Petitioner argues that his Petition is timely pursuant to § 2255(f)(4) because he "learned the facts" giving rise to his Section 2255 motion on January 8, 2021. Specifically,

> [a] paralegal specialist informed me that my attorney lied to me when he informed me that my conduct constituted an offense under the wire fraud statute. This was the first time

6

> I had heard that, and I had been represented by two attorneys in this case. Thus, it was only on January 8, 2021, that I learned the facts that give rise to my pending Section 2255 Motion – i.e., that I was denied effective assistance of counsel, by virtue of counsel's material and affirmative misrepresentations, that my guilty plea was involuntary, unknowing, and an unintelligent choice amongst the alternative courses of action, and that I am "actually innocent."

(ECF No. 48, Petitioner's Affidavit at ¶ 4.) However, this discussion with a paralegal does not constitute newly discovered facts within the ambit of § 2255(f)(4). Rather, Petitioner was clearly aware of the elements of the wire fraud statute when he pled guilty on June 22, 2017 because he allocuted to those elements:

> THE COURT: Tell me in your own words what you did to commit the wire fraud charged in this Information.
>
> THE DEFENDANT: During the approximate period July 2011 until December 2016, I owned and operated the LVG companies, some of which invested in distressed real estate for renovation and resale. I and others, a woman I had employed to oversee the real estate business, issued offering documents that solicited over 100 investors to finance the real estate business. In both the written 5 offers and in conversations, the investors were materially misled about the experience of the persons who were to run the real estate transactions, and the conditions of some of the distressed properties in which they were investing. In addition, I arranged for vendors that supplied the LVG business to be paid by electronic debit card transactions through bank accounts located in Melville, Garden City, and Commack, Long Island. These electronic debit card payments were made to the various vendors, including vendors in Ohio, Florida, and Illinois. During that five and a half year period between July 2011 and December 2016, I also used approximately $656,000 of investor funds to pay for my family expenses and personal purchases, without disclosing that to the investors.

(Plea Transcript at 16:2-25.) The elements of wire fraud were clearly known to Petitioner at the time he pled guilty and, moreover, they are not newly discovered facts pursuant to § 2255(f)(4). See Espinal v. United States, No. 08-CR-242, 2020 WL 264918, at *4 (E.D.N.Y. Jan. 17, 2020), reconsideration denied, 2020 WL 702579 (E.D.N.Y. Feb. 12, 2020) (finding that petitioner's ineffective assistance claim was untimely under § 2255(f)(4) where petitioner claimed to have learned that his attorney never filed an appeal when he spoke to a "jailhouse lawyer" in part because "he does not claim to have only recently discovered any new 'facts,' § 2255(f)(4), but

7

rather to have only recently discovered the law" which is insufficient and stating "[t]hat the petitioner is pro se and was unable to earlier identify his claims for relief does not render his petition timely"); see also Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]"). Accordingly, the Petition is untimely.

### D. Merits

Even if Petitioner's claim was not time-barred, it would fail on the merits.

To prevail on an ineffective assistance claim, a petitioner must establish: (1) that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing norms;" and (2) having suffered prejudice as a result of defense counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 693 (1984). Under the first prong, the court must "eliminate the distorting effects of hindsight," "evaluate the conduct from counsel's perspective at the time," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." Id. at 694. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Strickland, 466 U.S. at 694). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one" of the Strickland prongs. Strickland, 466 U.S. at 697. "The Strickland standard is rigorous, and the great majority of habeas petitions that

8

allege constitutionally ineffective counsel founder on that standard." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

Petitioner argues that prior to entering his guilty plea, he "was informed by his then-attorney that his conduct, in fact and law, constituted the offense of wire fraud. Accepting that advice, Defendant entered a plea of guilty. Had counsel not so advised, Defendant would never have entered a plea of guilty, but would have insisted on proceeding to trial instead." (Petition at 2.)  Petitioner argues that he is actually innocent and did not violate the wire fraud statute, and because his counsel informed him that he did violate the wire fraud statute, his counsel was ineffective. (Id. at 3-4.) Petitioner claims that he did not violate the wire fraud statute because the information alleged that he committed "misappropriation" rather than "fraud," and because he, not the victims, had lawful possession of the investment funds, he did not commit wire fraud. (Id. at 3.)

However, as explained above, it is clear that Lombardo was aware of the elements of wire fraud at the time of his guilty plea and allocuted to those elements, and it is clear from that allocution that his conduct satisfied the elements of wire fraud. See Williams v. Affinion Grp., LLC, 889 F.3d 116, 124 (2d Cir. 2018) ("The elements of mail or wire fraud are (i) a scheme to defraud (ii) to get money or property (iii) furthered by the use of interstate mail or wires.") (internal citations omitted). Specifically, Petitioner's conduct includes: one or more schemes to defraud to get money or property (false real estate investment representations and theft of monies with false disclosure) and use of the interstate wires (electronic debit card transactions). (Plea Transcript at 16:2-25.)

Because Petitioner's conduct satisfied the elements of wire fraud, Petitioner fails to establish that counsel's performance was deficient or that he was prejudiced in anyway. Accordingly, Petitioner cannot sustain his ineffective assistance claim on this argument.

### E. Hearing

Petitioner requests an evidentiary hearing regarding his motion. (Reply at 4.) In ruling on a Section 2255 motion, the district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, "[w]hen there are no material facts in dispute or a petitioner makes only vague or conclusory allegations, the Court may base its decision on the parties' written submissions." Campbell v. United States, No. 06-CR-00264, 2021 WL 3617466, at *6 (E.D.N.Y. Aug. 16, 2021) (quoting Gonzalez v. United States, 722 F.3d 118, 130–31 (2d Cir. 2013)). Having considered the lack of support for Petitioner's ineffective assistance claim, coupled with Petitioner's vague and conclusory allegations, which, taken together, conclusively show that Petitioner is not entitled to any habeas relief, the Court finds no evidentiary hearing on this motion is warranted. Accordingly, Petitioner's request for a hearing is denied. Petitioner's request to appoint counsel is also denied.

### III. CONCLUSION

For the reasons set forth above, Petitioner's motion is **DENIED**. It is further ordered that the Clerk of the Court mark the civil case, Case No. 21-cv-318, closed. The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2).

10

The Court certifies that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  December 29, 2021
       Central Islip, New York

                                                  /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE